# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| SILENT COMMUNICATION, LLC, ) | |
|     Plaintiff, ) | |
| ) | Civil Action No. 6:22-cv-00529 |
| v. ) | |
| ) | |
| LIFESIZE, INC., ) | JURY TRIAL DEMANDED |
|     Defendant. ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Silent Communication, LLC., ("Silent") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 8,229,409 ("the '409 patent") (referred to as the "Patent-in-Suit") by Lifesize, Inc., ("Lifesize").

## I. THE PARTIES

1. Plaintiff Silent is a Texas Limited Liability Company with its principal place of business located in Travis County, Texas.

2. On information and belief, Lifesize is a corporation existing under the laws of the State of Delaware, with a principle place of business located at 1601 S. Mopac Expressway, Suite 100, Austin, TX 78746. On information and belief, Lifesize sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Defendant may be served through their registered agent at, CT Corporation System, 1999 Bryan St., Ste 900, Dallas, TX 75201-3136.

## II. JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

### III.  INFRINGEMENT

**A. Infringement of the '409 Patent**

6. On July 24, 2012, U.S. Patent No. 8,229,409 ("the '409 patent", attached as Exhibit A) entitled "System And Method For Telephone Communication" was duly and legally issued by the U.S. Patent and Trademark Office. Silent owns the '409 patent by assignment.

7. The '409 patent relates to activating alternate communication methods when when a call is erroneously disconnected.

8. Lifesize maintains, operates, and administers methods and systems for activating alternate communication methods when when a call is erroneously disconnected that infringe, directly and indirectly, through contributory and/or induced infringement the claim of the '409 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '409 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the following preliminary table:

| US8229409 B2 Claim 1 | Lifesize |
|---|---|
| 1. A method comprising: | <br><https://www.lifesize.com/en/><br>Lifesize has a method.<br><br>The reference includes subject matter disclosed by the claims of the patent after the priority date. |

| US8229409 B2 Claim 1 | Lifesize |
|---|---|
| identifying an erroneous disconnection of a voice session by a first device of a called party; | **Numbered Label** \| **Description** <br> 1 \| Participants field. Displays the number of participants in the current conference. <br> 2 \| Local ports field. Displays the number of ports on this LifeSize Multipoint 230 allocated to this conference. <br> 3 \| Media type icon indicating that this conference supports audio. An error symbol appears if a media processing error occurs in the LifeSize Multipoint 230. <br> 4 \| Media type icon indicating that this conference supports video. An error symbol appears if a media processing error occurs in the LifeSize Multipoint 230. <br><br> <https://legacy.lifesize.com/~/media/Documents/Product%20Documentation/Multipoint/Guides%20and%20Reference/Multipoint%20230%20User%20Guide%20701.ashx> <br><br> The reference describes identifying an erroneous disconnection of a voice session by a first device of a called party. |

| US8229409 B2 Claim 1 | Lifesize |
|---|---|
| activating a voice activated application at a second device of a calling party, which voice activated application senses voice at said second device after the disconnection; | Lifesize®, a global innovator of immersive enterprise communication solutions, today announced a new native integration with the Alexa for Business intelligent assistant from Amazon Web Services (AWS), empowering Lifesize customers to tap into a wide range of productivity-enhancing, voice-activated controls via their existing Lifesize meeting room systems, without requiring additional hardware. As part of the launch, Lifesize and AWS will offer 90 days of complimentary service for joint customers to trial Lifesize with Alexa for Business. <br><br> <https://www.lifesize.com/en/press/lifesize-alexa-for-business/> <br><br> The reference describes activating a voice activated application at a second device of a calling party, which voice activated application senses voice at said second device after the disconnection. |

| US8229409 B2 Claim 1 | Lifesize |
|---|---|
| activating a function at said second device offering said calling party an option to re-establish connection with said first device if a voice was detected by said application at said second device within a defined period of time after the disconnection; re-establishing a session with said first device according to selection of said calling party; and | If participants are disconnected from a conference, users with moderator-level access can reconnect them in the Participant List tab. **Note** When the Enable auto-reconnect option is configured in the conference service, then the LifeSize Multipoint 230 automatically calls disconnected terminals to attempt a reconnection. **Procedure** 1  Access the Participant List tab. 2  Select **Disconnect** (icon 21 in Figure 10-4 on page 86) to attempt a reconnection. Users with moderator-level access can block the admission of additional participants in a conference in the Conference Control interface. <https://legacy.lifesize.com/~/media/Documents/Product%20Documentation/Multipoint/Guides%20and%20Reference/Multipoint%20230%20User%20Guide%20701.ashx> The reference describes activating a function at said second device offering said calling party an option to re-establish connection with said first device if a voice was detected by said application at said second device within a defined period of time after the disconnection. The reference describes re-establishing a session with said first device according to selection of said calling party. |

| US8229409 B2 Claim 1 | Lifesize |
|---|---|
| ending said re-established session by said calling party or by said called party. | You can disconnect an inactive or unused conference in the Create Conference window. **Procedure** 1  Access the Create Conference window. 2  Select **Terminate Conference** next to the conference name to end the conference. <https://legacy.lifesize.com/~/media/Documents/Product%20Documentation/Multipoint/Guides%20and%20Reference/Multipoint%20230%20User%20Guide%20701.ashx> The reference describes ending said re-established session by said calling party or by said called party. |

These allegations of infringement are preliminary and are therefore subject to change.

10. Lifesize has and continues to induce infringement. Lifesize has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to activate alternate communication methods when when a call is erroneously disconnected such as to cause infringement of the claim of the '409 patent, literally or under the doctrine of equivalents.  Lifesize, from at least the filing date of the lawsuit, has continued to encourage and instruct others on how to use the products showing specific intent. Moreover, Defendant has known of the '409 patent and the technology underlying it from at least the filing date of the lawsuit.[1] For clarity, direct infringement is previously alleged in this complaint..

11. Lifesize has and continues to contributorily infringe. Lifesize has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to activate alternate communication methods when when a call is erroneously disconnected such as to cause infringement of the claim of the '409 patent, literally or under the doctrine of equivalents.  Lifesize, from at least the filing date of the lawsuit, has continued to encourage and instruct others on how to use the products showing specific intent.  Further, there are no substantial noninfringing uses for Defendant's products and services.  Moreover, Defendant has known of the '409 patent and the technology underlying it from at least the filing date of the lawsuit. [2] For clarity, direct infringement is previously alleged in this complaint.

12. Lifesize has caused and will continue to cause Silent damage by direct and indirect infringement of (including inducing infringement of) the claims of the '409 patent.

### IV.     JURY DEMAND

---

[1] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.
[2] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

Silent hereby requests a trial by jury on issues so triable by right.

### V.     PRAYER FOR RELIEF

WHEREFORE, Silent prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '409 patent through selling, offering for sale, manufacturing, and inducing others to infringe by activating alternate communication methods when when a call is erroneously disconnected;

b. award Silent damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Silent an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Silent its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an

      adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g.     award Silent such other and further relief as this Court deems just and proper.

          Respectfully submitted,

          **Ramey LLP**

          William P. Ramey, III
          Texas State Bar No. 24027643
          5020 Montrose Blvd., Suite 800
          Houston, Texas 77006
          (713) 426-3923 (telephone)
          (832) 900-4941 (fax)
          wramey@rameyfirm.com

          Jeffrey E Kubiak
          Texas State Bar No. 24028470
          5020 Montrose Blvd., Suite 800
          Houston, Texas 77006
          (713) 426-3923 (telephone)
          (832) 900-4941 (fax)
          jkubiak@rameyfirm.com

          *Attorneys for Silent Communication, LLC*